Daniel H. Lee  (State Bar No. 217001)
Valeria Granata (State Bar No. 305905)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(415)433.0990
Facsimile: (415) 434.1370
Email: valeria.granata@wilsonelser.com

Attorneys for Plaintiff
HARTFORD UNDERWRITERS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>ENERGY ENTERPRISES USA INC. dba CANOPY ENERGY,<br>               Defendant. | Case No.:   2:21-cv-02279-MWF-JPR<br><br>Assigned for all purposes to:<br>Hon. Michael W. Fitzgerald<br><br>**JOINT RULE 26(f) REPORT**<br><br>Action Filed:  March 15, 2021<br><br>Date:   June 28, 2021<br>Time:  11:00 a.m.<br>Dept.:  Courtroom 5A<br><br>Discovery Cutoff: None set<br>Motion Cutoff:     None set<br>Trial Date:            None set |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's "Order Setting Scheduling Conference" entered May 20, 2021, Plaintiff HARTFORD UNDERWRITERS INSURANCE COMPANY (hereinafter, "THE HARTFORD") and Defendant ENERGY ENTERPRISES USA INC. dba CANOPY ENERGY (hereinafter, "CANOPY ENERGY") (collectively, "Parties") jointly submit the following report:

a.  **Statement of the case:**

This is an action for breach of contract to recover money damages based upon Defendant's failure to pay full premiums issued by THE HARTFORD.

Specifically, at the request of Defendant, The Hartford issued Workers Compensation Insurance Policy No. 72-WEC-AA3IVF for the period of 05/15/2017 to 05/15/2018 (the "Policy").  Pursuant to the Policy, Defendant agreed to pay certain premiums to The Hartford.  The premiums were based upon Defendant's estimated payroll, number of employees and applicable employee classification codes.  The premiums under the Policy were initially estimated based upon the information supplied by Defendant and expressly subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the Policy period.  At the conclusion of the Policy period, The Hartford conducted an audit of the books and records of Defendant (the "Audit") which Defendant refused to full cooperate with by failing to provide various requested information.  Based upon that Audit, it was determined that Defendant owed additional premiums under the Policy of $696,427.00. The primary reason for the increase in premium was a significant increase in Defendant's payroll for its solar panel installation employees, salespersons, warehouse and clerical employees.  Defendant's additional employees were also involved in higher risk activities as opposed to Defendant's original estimates for "clerical" and "electrical wiring" employees. On or about January 21, 2020, The Hartford sent to Defendant an Insurance Bill for $696,427.00 based upon the Audit. Thereafter, Defendant requested that The Hartford revise the Audit based upon additional information concerning its employees, payroll and classification codes that Defendant had declined to provide during the original Audit. The Hartford considered such information and issued a Revised Audit on 11/02/2020 (the "Revised Audit"). Based upon the Revised Audit, the additional premiums owed by Defendant under the Policy were reduced by over $500,000.00 to the sum of $183,840.00.  On or about 11/05/2020, The Hartford sent a Final Insurance Bill to Defendant in the sum of $183,840.00 (the "Additional Premiums"), which Defendant has refused to pay.

On the other hand, CANOPY ENERGY contends that: (1) CANOPY ENERGY does not owe any unpaid money to THE HARTFORD.

The parties' counsel have engaged in ongoing settlement discussions while pursuing discovery. At this time, no agreement to settle has been reached.

**b.   Subject matter jurisdiction:**

The Parties agree that this Court has diversity jurisdiction to hear this matter, pursuant to 28 U.S.C. § 1332(a)(1). THE HARTFORD is a Connecticut corporation which maintains its principal place of business at One Hartford Plaza, Hartford, CT 06155. CANOPY ENERGY is a California corporation which maintains its principal place of business at 6842 Van Nuys Boulevard, Suite 800, Van Nuys, in California 91405. Further, the amount in controversy in this matter, $183,840.00 plus interest, exceeds the sum of $75,000.00, exclusive of interest and costs.

**c.   Legal issues:**

The Parties are not aware of any legal issues involved in the adjudication of this case at this time. The primary issues in dispute are factual, regarding whether and to what extent CANOPY ENERGY owes additional moneys to THE HARTFORD as under the Policy issued to CANOPY ENERGY.

**d.   Parties, evidence, etc.:**

There are no additional parties anticipated. A list of key witnesses and documents will be prepared and submitted as discovery progresses.

**e.   Damages:**

THE HARTFORD contends its damages are in the amount of $183,840.00, plus ongoing costs and interest that is accruing at the rate of 10 percent per annum.

CANOPY ENERGY contends that nothing is owed from CANOPY ENERGY to THE HARTFORD.

///

**f.   Insurance:**

There is no known insurance coverage applicable to any parties.

**g.   Motions:**

While Parties do not anticipate any motion practice at this time, the Parties reserve the right to file a motion for summary judgment and discovery motions as necessary and indicated.

**h.   Manual for Complex Litigation:**

The Parties agree that the Manual for Complex Litigation is not implicated in this case.

**i.   Status of Discovery:**

The Parties exchanged initial disclosures. In its initial disclosures, THE HARTFORD produced the Revised Audit and the Premium Audit Adjustmnet Notice, the Final Insurance Bill dated 11/05/2020. CANOPY ENERGY has not provided documents in connection with its initial disclosures.

On May 3, 2021, THE HARTFORD served CANOPY ENERGY with first sets of Interrogatories, Requests for Admissions and Requests for Production of Documents. In light of ongoing settlement discussions, the Parties agreed to an extension until July 5, 2021 for CANOPY ENERGY to respond to THE HARTFORD's discovery requests.

**j.   Discovery Plan:**

The Parties agree to endeavor to complete the service of initial written discovery requests, including document demands and interrogatories, before the end of February 2022. Discovery in this matter will explore CANOPY ENERGY's basis for finding additional premiums in the amount of $183,840.00 is due and owing by CANOPY ENERGY, and likewise will explore CANOPY ENERGY's basis for not paying the additional premiums that THE HARTFORD asserts are due and owing. Further, discovery will explore more generally the factual basis for THE HARTFORD's allegations and CANOPY ENERGY's

4
JOINT RULE 26(f) REPORT

defenses. Within 30 to 45 days of completion of initial written discovery, the Parties intend to begin conducting depositions of fact witnesses. The number of depositions will depend on the responses each party receives to its initial discovery requests. The Parties do not believe that further disclosures under Rule 26(a) need to be made at this time.

**k.  Discovery cut-off:**

On June 8, 2021, the Parties agreed to propose a discovery cutoff date of March 14, 2022 (or 18 weeks before trial) as per Rule 26. In further consideration of the Court's recommendations for setting litigation dates and deadlines, CANOPY ENERGY proposes dates as set forth in Exhibit A.

**l.  Expert discovery:**

On June 8, 2021, the Parties did not anticipate that experts will be implicated in this matter. To the extent experts are disclosed, the parties agreed to propose an expert disclosure cutoff date of March 18, 2022 (or 120 days before trial), with a cutoff of April 19, 2022 (or 90 days before trial) for any experts offered in rebuttal as per Rule 26. In further consideration of the Court's recommendations for setting litigation dates and deadlines, CANOPY ENERGY proposes dates as set forth in Exhibit A.

**m.  Dispositive motions:**

The Parties do not anticipate any dispositive motion practice at this time, except for potential motions for summary judgment.

**n.  Settlement/Alternative Dispute Resolution (ADR):**

The parties have engaged in informal settlement negotiations through their respective attorneys. The parties intend to continue to engage each other in informal settlement discussions, and are amenable to a settlement conference prior to trial, should other efforts at settlement fail.

**o.  Trial estimate:**

On June 8, 2021, the Parties agreed to request that a bench trial be set at a

time of the Court's convenience after July 18, 2022. The Parties estimate that a trial of this matter will take approximately three (3) to five (5) courtroom days. In further consideration of the Court's recommendations for setting litigation dates and deadlines, CANOPY ENERGY proposes dates as set forth in Exhibit A.

**p.   Trial counsel:**

Daniel Lee and Valeria Granata of Wilson, Elser, Moskowitz, Edelman & Dicker LLP will try the case on behalf of THE HARTFORD, and Baber Khan of ENERGY ENTERPRISES USA INC. will try the case on behalf of CANOPY ENERGY.

**q.   Independent Expert or Master:**

The Parties agree that appointment of a master is unnecessary in this case.

**r.   Timetable:**

As set forth above. Further, counsel for THE HARTFORD and counsel for CANOPY ENERGY propose different pretrial dates as set forth in Exhibit A.

**s.   Other issues:**

The Parties are not aware of additional issues at this time.

Dated: June 14, 2021                       WILSON, ELSER, MOSKOWITZ,
                                           EDELMAN & DICKER LLP

                                           By:  /s/ Valeria Granata
                                           Daniel H. Lee
                                           Valeria Granata
                                           Attorneys for Plaintiff HARTFORD
                                           UNDERWRITERS INSURANCE
                                           COMPANY

Dated: June 14, 2021                       ENERGY ENTERPRISES USA
                                           INC.

                                           By:  /s/ Baber Khan
                                           Baber Khan
                                           Attorney for Defendant, ENERGY
                                           ENTERPRISES USA INC.

# EXHIBIT "A"

JUDGE MICHAEL W. FITZGERALD
<u>SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>

| | |
|---|---|
| **Case No.** | |
| **Case Name** | |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [ ] Jury Trial *or* [ X] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: 3-5 Days | 7/18/2022 | | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 6/27/2022 | | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 6/27/2022 | | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 3/14/2022 | | |
| Expert Disclosure (Initial) | | 3/18/2022 | | |
| Expert Disclosure (Rebuttal) | | 3/28/2022 | | |
| Expert Discovery Cut-Off | 14 * | 4/19/2022 | | |
| Last Date to **Hear** Motions (Monday at 10:00 a.m.) | 14 | 4/11/2022 | | |
| Last Date to Conduct Settlement Conference | 12 | 4/25/2022 | | |
| <u>For Jury Trial</u><br>• File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | N/A | | |
| <u>For Jury Trial</u><br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | N/A | | |
| <u>For Court Trial</u><br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | 6/27/2022 | | |

\* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel    ☐ Private Mediation    [x] Magistrate Judge (with Court approval)

EXHIBIT A

# CERTIFICATE OF SERVICE
*Hartford Underwriters Insurance Company vs. Energy Enterprises USA Inc., et al.*
**USDC Case No.: 2:21-cv-02279-MWF (JPRx)**
**Attorneys for Plaintiff Hartford Underwriters Insurance Company**
**WEMED File No. 15792.00150**

I hereby certify that on **June 14, 2021,** I served the documents described as:

| 1. | **JOINT RULE 26(f) REPORT** |
|---|---|

[ ]  **BY U.S. MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

[ ]  **BY E-MAIL OR ELECTRONIC TRANSMISSION** – Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 555 So. Flower Street, Suite 2900, Los Angeles, CA 90071.

[X]  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 14, 2021,** at Los Angeles, California.

*/s/ Patricia L. Pardo*
Patricia L. Pardo

# SERVICE LIST

*Hartford Underwriters Insurance Company vs. Energy Enterprises USA Inc., et al.*
*USDC Case No.: 2:21-cv-02279-MWF (JPRx)*

**Baber Khan, Esq.**
**ENERGY ENTERPRISES USA INC.**
**6842 Van Nuys Blvd.**
**Suite 800**
**Van Nuys, CA  91405**
**(818) 839-8505; fax (424) 360-0801**
**Email: baber.khan@canopyenergy.com**

**Attorneys for Defendant**
**ENERGY ENTERPRISES USA INC.,**
**DBA CANOPY ENERGY**